# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, SALADINO, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist ISIAH K. HALL**
**United States Army, Appellant**

ARMY 20160644

Headquarters, United States Army Alaska
Sean F. Mangan and Kenneth W. Shahan, Military Judges
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Oluwaseye Awoniyi, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA; Captain Oluwaseye Awoniyi, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Captain Jessika M. Newsome, JA (on brief).

8 April 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALADINO, Judge:

Appellant raises three assignments of error related solely to his conviction for sexual abuse of a child. We need address only one. After a careful review of the record, we find a dearth of evidence supporting appellant's conviction of sexual abuse. We therefore hold appellant's conviction of that specification is factually insufficient.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of assault consummated by a battery, three specifications of assault consummated by a battery upon a child under the age of sixteen years, and four specifications of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [UCMJ]. The military judge also convicted appellant, contrary to his pleas, of one specification of sexual abuse of a child, one specification of simple assault, seven specifications of assault

consummated by a battery, one specification of assault consummated by a battery upon a child under the age of sixteen years, and one specification of aggravated assault, in violation of Articles 120b and 128, UCMJ. The military judge sentenced appellant to a dishonorable discharge, eleven years of confinement, and reduction to the grade of E-1. The convening authority approved appellant's sentence to a dishonorable discharge, ten years and eleven months of confinement, and reduction to the grade of E-1. Appellant was credited with one day against his sentence to confinement.

On brief, appellant challenges only his conviction of sexually abusing a child.[1] We agree with appellant that his conviction of sexually abusing a child was not proven beyond a reasonable doubt. We set aside and dismiss appellant's conviction of that charge and specification and reassess his sentence accordingly.

## BACKGROUND

Appellant was the husband and father of a family of six. Over a period of several years, he perpetrated terrible violence against his wife and four children. After a particularly brutal assault by appellant against his wife on Christmas Day, 2013, one of appellant's children called the police. After the police responded to the initial call, further investigation revealed appellant had brutally abused his family for years. One allegation stood out as different from appellant's other acts of violence: appellant's wife indicated that their three-year-old daughter, LH, reported that appellant had touched her "cukolotch"—the word LH used to refer to her genital area.

Subsequent investigation resulted in mixed reports from LH about the nature of the alleged touching. The government elected to charge appellant with three specifications under article 120b, UCMJ. Specification 1 of Charge I alleged appellant penetrated LH's vulva "with a pink object." Specification 2 alleged appellant penetrated LH's vulva "with an object identified as a hanger." Specification 3 alleged appellant committed a lewd act by touching LH's vulva "with a substance identified as pink glue."

Appellant was acquitted of Specification 1 and Specification 2. He was convicted of Specification 3, but the military judge acquitted him of the words "with a substance identified as pink glue." Thus, appellant was convicted of committing a lewd act by touching LH's vulva, and the modality of the touching was unspecified.

---

[1] We have considered the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit no relief.

2

**LAW AND DISCUSSION**

Article 66, UCMJ, establishes our statutory duty to review a record of trial for legal and factual sufficiency de novo. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). We may affirm only those findings of guilt that we find correct in law and fact and determine, based on the entire record, should be affirmed. *Id*.

In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). To affirm a conviction, "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

The military judge convicted appellant of touching LH's vulva, but he did not specify how.[2] To various adults, LH reported that appellant touched her with "pink glue," a "green hanger," and some other "pink" object. The military judge acquitted appellant of the charges or charged language relating to each of these specific items.

We have scoured the record to ascertain the military judge's basis for convicting appellant of touching LH in a way that constitutes a lewd act, where the touching was neither with a hanger, nor with a substance identified as glue, nor with some other pink object. We draw two conclusions: First, we can only speculate as to the theory under which the military judge convicted appellant of sexually touching LH.[3] Second—and more fundamentally—following a thorough and complete review of the record, we are not convinced beyond a reasonable doubt that appellant touched LH in a sexual way at all.

---

[2] We do not mean to suggest that the modality of touching must be specified to state the offense of sexual abuse of a child under Article 120b. In this case, however, the potential ambiguity of the findings presents other issues, discussed below.

[3] Our need to speculate as to the theory under which appellant was convicted raises serious issues as to our ability to review appellant's conviction of Specification 3 of Charge I. This is especially true considering the military judge acquitted appellant of the three mostly likely means of abusing LH based on her statements to interviewers. *See generally Walters*, 395-97. *See also United States v. Swift*, 76 M.J. 210, 216 (C.A.A.F. 2017). Because we ultimately find we have reasonable doubt that appellant touched LH in *any* way that would constitute a lewd act, we need not attempt to untangle the issue of ambiguous findings with which we might otherwise have to contend.

LH is a child of tender age who has evidently lived in dangerous domestic circumstances for the first three years of her life. Perhaps it should come as no surprise that she was unable to articulate what happened to her. Despite several professionals attempting to assist LH in expressing what happened to her, we have no clear picture of *if*, much less *how*, LH was sexually abused. During one interview, LH reported she was touched on her "cukolotch" with "hangers," "toothpaste," "bubbles," and "papers." When asked if appellant had touched her "cukolotch" with anything else, she responded "yeah," and then held up a toy vehicle she had found in the interviewer's office and proclaimed "with this!"

Appellant was acquitted of penetrating LH's vulva with a "hanger." As for "toothpaste," "bubbles," and "papers" these words are consistent with how a very young child might describe diaper ointment, soap, and wet wipes—three items that parents commonly apply to the private areas of their infants for reasons of hygiene. We are merely speculating as to what LH might have meant when she said she was touched with these items. In a way, that is the point—based on our review of the evidence in the record, any hypothesis as to what LH was attempting to convey is speculative. Such speculation simply cannot carry the burden of proof beyond a reasonable doubt.

To be clear, LH cannot be blamed in any way for her inability to articulate what, if anything, happened to her. She is a young child. Neither, however, can we affirm appellant's conviction on nothing more than LH's understandably incomplete reports. In some such cases, other evidence fills the gaps in a child's incomplete report. This is not one of those cases.

We may only affirm convictions that we ourselves are convinced have been proven beyond a reasonable doubt. We have reviewed the evidence, and taken into consideration that the military judge saw and heard the witnesses and we did not. As to appellant's conviction of sexually abusing LH, we find appellant's guilt was not proven beyond a reasonable doubt.

## CONCLUSION

Appellant's conviction of Specification 3 of Charge I and Charge I are SET ASIDE and both Specification 3 of Charge I and Charge I are DISMISSED. The remaining findings of Guilty are AFFIRMED.

To determine whether to reassess a sentence or order a sentence rehearing, we consider the totality of the circumstances presented; whether there are dramatic changes in the penalty landscape and exposure; whether appellant chose sentencing by members or a military judge alone; whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses; whether significant or aggravating circumstances addressed at the court-martial

remain admissible and relevant to the remaining offenses; and whether the remaining offenses are of a type that we have the experience and familiarity with to reliably determine what sentence would have been imposed at trial. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986).

Applying the principles of *Sales* and *Winckelmann*, we conclude it is appropriate for us to reassess appellant's sentence rather than return this case for a sentence rehearing. Our decision changes the penalty landscape by lessening appellant's maximum exposure to confinement from forty-five years and nine months, to twenty-five years and nine months. We recognize the significance of the change to the penalty landscape. We also recognize that the maximum punishment for appellant's remaining crimes remains in a range reserved for serious felony offenses. Further, because appellant was sentenced by a military judge as opposed to members, we are more certain of how the court-martial would have sentenced appellant on the remaining offenses. *See Winckelmann* 73 M.J. at 16. We are familiar with the remaining offenses and have the experience to reliably determine what sentence would have been imposed at trial.

Although a sexual offense against a child is a very serious crime, this was an unusual case wherein the sheer volume and gravity of appellant's assaults against his family form the overwhelming weight of his misconduct. Appellant's violent crimes span multiple years. He was convicted of strangling his wife three times, slamming her head against a concrete floor twice, stomping on her head, throwing her down a flight of stairs, and beating nearly every member of his household. We are confident that the military judge would have imposed a sentence at least as severe as that which we affirm in this decision for appellant's remaining convictions.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales* and *Winckelmann*, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, nine years of confinement, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court